UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSHUA JONES,

        Plaintiff,

    v.

P. LORD, et al.,

        Defendants.

No. C 15-3528 NC (PR)

**ORDER OF DISMISSAL**

Plaintiff Joshua Jones, a California state prisoner proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983.[1] Plaintiff is granted leave to proceed *in forma pauperis* in a separate order. For the reasons stated below, the complaint is dismissed for failure to state a cognizable claim.

**DISCUSSION**

**I.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

---

[1] Plaintiff has consented to magistrate judge jurisdiction. (Docket No. 6.)

28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.    Plaintiff's Claim

According to the complaint, on February 14, 2014, after Plaintiff attended Islamic Services, Correctional Officer Lord called out to him in a loud voice, and asked, "How are you going to Muslim services, and [you're] going around on the yard doing homosexual stuff?"  Plaintiff asserts that Correctional Officer Lord's question was made in the presence of other inmates, most of whom were Islamic, and prison staff.  Based solely on these facts, Plaintiff asserts that defendants, Jeffrey Beard, the Secretary of the California Department of Corrections and Rehabilitation; Warden Muniz; and Correctional Officer Lord, engaged in a hate crime, discriminated against Plaintiff based on sexual orientation, and engaged in religious persecution against Plaintiff.

However, allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983.  *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *see, e.g.*, *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate Eighth Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim); *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right").  As a result, however offensive and derogatory Correctional Officer Lord's question allegedly used with respect to Plaintiff, that alone does not give rise to a constitutional claim.  *See, e.g.*, *Clinton v. Geovenetti*, No. CV 08-4178-DOC (OP), 2013 WL 5379487, *5 (C.D. Cal. Sept. 20, 2013) (a prison guard's verbal abuse and derogatory

comments regarding homosexuals is insufficient to state a constitutional violation); *cf. Hoptowit v. Ray*, 682 F.2d 1237, 1252 (9th Cir. 1982) (federal court cannot order guards to refrain from using racial slurs to harass prisoners); *Burton*, 791 F.2d at 101 n.1 (use of racial slurs in prison does not offend Constitution).

Because Plaintiff's claim is not cognizable under Section 1983, it is DISMISSED. Further, because no amount of amendment would cure the deficiency, the dismissal is without leave to amend.

## CONCLUSION

The complaint is DISMISSED with prejudice. The Clerk shall close the file, terminate all pending motions, and enter judgment.

IT IS SO ORDERED.

DATED: November 25, 2015

NATHANAEL M. COUSINS
United States Magistrate Judge